**KEMP JONES & COULTHARD**
Jennifer A. Dorsey (SBN 6456)
j.dorsey@kempjones.com
3800 Howard Hughes Parkway 17th Floor
Las Vegas, Nevada 89169
Tel.: 702-385-6000
Fax: 702-385-6001

**McGUIREWOODS LLP**
Brian Riopelle (pro hac vice forthcoming)
briopelle@mcguirewoods.com
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
Tel.: 804-775-1000
Fax: 804-775-1061

*Attorneys for Defendant Osram Sylvania*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KADENCE DESIGNS, LLC, | Case No. 3:12-CV-00653-RCJ-(WGC) |
| Plaintiff, | |
| v. | **DEFENDANT OSRAM SYLVANIA'S MOTION TO DISMISS** |
| OSRAM SYLVANIA and ARTISON, LLC | |
| Defendants. | |

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant Osram Sylvania ("Osram") hereby moves to dismiss Kadence Design, LLC's ("Kadence" or "Plaintiff")

claims for Patent Infringement of U.S. Pat. Nos. 7,535,341 ("the '341 patent) and 8,299,903 ("the '903 patent") for lack of subject matter jurisdiction (lack of standing).

DATED this 12th day of March, 2013.

**KEMP, JONES & COULTHARD, LLP**

By */s/ Jennifer C. Dorsey*
    Jennifer C. Dorsey, Esq. (SBN 6456)
    3800 Howard Hughes Parkway 17th Floor
    Las Vegas, Nevada 89169

**McGUIREWOODS LLP**
Brian Riopelle (pro hac vice forthcoming)
briopelle@mcguirewoods.com
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030

Mark Varboncouer (pro hac vice forthcoming)
mvarboncouer@mcguirewoods.com
77 W. Wacker Drive
Chicago, IL  60601-1818

*Attorneys for Defendant Osram Sylvania*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    SUMMARY OF THE ARGUMENT

Kadence does not have standing to assert the '341 or the '903 patents, deficiencies that are fatal to its assertion of those patents in this suit.  Despite Kadence's assertions in its complaint, Kadence was not the owner of the '341 patent at the time it filed the complaint.[1] This

---

[1]    Indeed, Kadence still does not own the '341 patent.  *See* footnote 4 *infra*.

jurisdictional defect cannot be cured, and Kadence's claim for infringement of the '341 patent must be dismissed.[2]

Further, standing to assert the '903 patent is irrevocably tied to ownership of the '341 patent, because the '903 patent is not enforceable *unless* it and the '341 patent were commonly owned when the complaint was filed (and continued to be commonly owned thereafter). During prosecution of the '903 patent, the applicants explicitly acknowledged this material fact with a terminal disclaimer, in order to overcome a rejection of all the pending claims. Nevertheless, even before the PTO accepted the terminal disclaimer, the applicants had assigned the pending application to Kadence, while ownership of the '341 patent remained with Western Venture Group, LLC. Although Kadence appears to be the current assignee of record for the '903 patent, Kadence did not own the '341 patent when the complaint was filed, and therefore Kadence is barred from attempting to assert the '903 patent.

## II.   STATEMENT OF FACTS

On December 13, 2012, Kadence filed suit against Osram, claiming infringement of the '341 patent, the '903 patent, and also U.S. Pat. No. 7,817,016 ("the '016 patent"). The three patents are related: the '903 is a child of the '016 patent, which in turn is the child of the '341 patent).[3]

### A.   The '341 Patent

The '341 patent issued on May 19, 2009. Edward Haase ("Haase") is the named inventor. At that time, and currently, Edward Haase was the Manager of a Nevada corporation

---

[2]   Kadence has not plead or argued that it is an exclusive licensee and has not attempted to join the patent owner, so the only question is whether Kadence owned the '341 patent when the complaint was filed.

[3] More specifically, the '016 patent issued from a continuation-in-part ("CIP") of the application that issued as the '341 patent, and the '903 patent in turn issued from a CIP of the application that issued as the '016 patent.

entitled Western Venture Group, LLC ("WVG"), a limited liability corporation that was established in 2008. (Ex. 1, WVG Business Entity Information, Nevada Secretary of State.) At the time the '341 patent issued, ownership of the patent remained with Haase. About sixteen months later, in 2010, Haase assigned the '341 patent to WVG. (Ex. 2, Assignment of U.S. Pat. No. 7,535,341, Reel 025613 at Frame 0899-0900, Sept. 9, 2010.)

On December 13, 2012, Kadence filed suit against Osram Sylvania and Artison, LLC, alleging infringement of the '341 patent. (Dkt. 1.) Neither Edward Haase nor WVG were named as plaintiffs. (*Id.*) In the complaint, Kadence alleged that it "owns the rights, title and interest to the . . . '341 patent[]." (*Id.* ¶ 10.) Because Osram was unable to find any record that Kadence was the owner of the '341 patent, in February 2013, Osram requested a copy of any document that purported to show assignment of the '341 patent to Kadence. In response, Kadence provided a document, signed and dated that same week (February 8, 2013), showing an attempted assignment from the inventor Haase to Kadence. (Ex. 3, Assignment of U.S. Pat. No. 7,535,341, Feb. 8, 2013.) The document, which is dated after the inception of the lawsuit, does not refer to WVG, to whom Haase had previously assigned the '341 patent in 2009. (*See id.*; *see also* Ex. 2, Assignment of U.S. Pat. No. 7,535,341, Reel 025613 at Frame 0899-0900, Sept. 9, 2010.

B. **The '903 Patent**

In 2012, the '903 patent issued from application 12/426,064 ("the '064 application"). The '064 application was one of a series of applications that arose from the originally-filed 11/386,472 application, which had previously issued as the '341 patent. (Dkt. 1 at Ex. C, '903 Pat. [63].) Haase and a coinventor, John Kemper, were named inventors on the '064 application; shortly after filing the application, Haase assigned the application to WVG. (Ex. 2, Assignment of U.S. Pat. Appl. 12/426,064, Reel 025613 at Frame 0908-09, Sept. 9, 2010.)

1    During prosecution, the United States Patent and Trademark Office ("PTO") rejected all
2 the claims of the '064 application as not patently distinct over the claims of the already-issued
3 '341 patent, a rejection known as non-statutory obviousness-type double patenting. (Ex. 4, '903
4 Office Action, Oct. 5, 2010.)  In response, in December 2010, the applicant filed a Terminal
5 Disclaimer, listing WVG as the owner of the pending application. (Ex. 5, '903 First Terminal
6 Disclaimer, Dec. 2, 2010.)  A Terminal Disclaimer may be used to overcome a nonstatutory
7 obviousness-type double patenting rejection, provided that the applicant acknowledges that any
8 patent granted on the application will be enforceable only for and during the period that the
9 patent is commonly owned with the patent that formed the basis for the rejection. 37 C.F.R. §
10 1321.  In other words, to obtain issuance of what would eventually be the '903 patent, the
11 applicant had to acknowledge it could not assert the '903 patent unless it was commonly owned
12 with the '341 patent. *See id.*  The applicant explicitly included the required acknowledgement.
13 (Ex. 5, '903 First Terminal Disclaimer, Dec. 2, 2010.)

14    The December 2010 disclaimer was incorrectly filed, and the PTO rejected it. (Ex. 6,
15 '903 Terminal Disclaimer Rejection; Ex. 7, '903 Office Action, April 15, 2011.) The applicant
16 re-filed the Terminal Disclaimer in April 2011, and again explicitly acknowledged that the
17 claims of the eventual '903 patent would not be enforceable except during a period of common
18 ownership with the '341 patent. (Ex. 8, '903 Second Terminal Disclaimer, April 20, 2011.)  This
19 second disclaimer again listed WVG as the owner of the application.  (*Id.*)  However, by this
20 time, WVG had *already* assigned the pending application to Kadence, despite its material
21 representation to the PTO that it owned the application. (*See* Ex. 9, Patent Assignment, Reel
22 026395 at Frame 0857, March 24, 2011.)  WVG further failed to contemporaneously assign the
23 '341 patent to Kadence.  (*See generally id.*)  The PTO accepted the Terminal Disclaimer in
24 September 2011, and the '903 patent issued on October 30, 2012.  On December 13, 2012, when

4

Kadence filed suit against Osram purporting to assert a claim for infringement of the '903 patent, Kadence did not own the '341 patent.

### III. ARGUMENT

Standing to sue is a threshold requirement in every federal action. *Sicom Sys v. Agilent Techs., Inc.*, 427 F.3d 971, 975 (Fed. Cir. 2005). Standing must be present at the time the suit is brought. *Id.* at 976. The general rule, derived from the Patent Act itself, is that only a patent owner, whether through issuance or assignment, may sue on the patent. *See Propat Int'l Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1189 (Fed. Cir. 2007). An exclusive licensee can have standing to sue, but "[a]n exclusive licensee generally must join the patent owner to the suit to satisfy prudential standing constraints." *WiAV Solutions LLC v. Motorola, Inc.*, 631 F.3d 1257, 1265 n.6 (Fed. Cir. 2010). Indeed, the only time an exclusive licensee need not join the patent owner is when the exclusive license transfers "all substantial rights" to such an extent that the transfer is "tantamount to an assignment." *Alfred E. Mann Foundation v. Cochlear Corp.*, 604 F.3d 1354, 1358-59 (Fed. Cir. 2010) (question is whether the licensee becomes "the owner").

For purposes of the present brief, however, Kadence has not pleaded or argued that it is an exclusive licensee and has not attempted to join the patent owner, so the only question is whether Kadence owned the asserted patents "at the inception of the lawsuit." *See Paradise Creations, Inc. v. U V Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003). Kadence "cannot retroactively cure standing that was deficient at the time the complaint was filed." *See ID7D Co., Ltd. v. Sears Holding Corp.*, 3:11cv1054, 2012 U.S. Dist. LEXIS 52320 at 14-15, (D. Conn. Apr. 13, 2012) (noting that "retroactive or *nunc pro tunc* assignment after the complaint was filed" did not cure lack of standing).

The plaintiff bears the burden to prove its standing. *Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1032 (Fed. Cir. 1995). If a plaintiff cannot do so, the Court lacks

subject matter jurisdiction and must dismiss the action.  Fed. R. Civ. P. 12(b)(1); *see also Fieldturf, Inc. v. Sw. Recreational Indus., Inc.*, 357 F.3d 1266, 1269 (Fed. Cir. 2004).  Any doubts regarding standing must be resolved in favor of dismissal.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

These rules of so-called "patent standing" are not mere technicalities.  They are derived from Article III's "case or controversy" requirement and the Patent Act's provision that "[a] patentee" may bring a civil action "for infringement of his patent."  35 U.S.C. § 281.  They assure the court that the real parties-in-interest are before it, which is often critical to the court's and defendant's ability to access important facts regarding the history of the patent, including conception, reduction to practice, and actual use of the patent.  They also avoid the possibility of multiple litigations over the same patent, with different plaintiffs taking different positions on validity, infringement, and damages in different forums.  Finally, these rules protect inventors and patent owners from the possibility of being ignorant of, or unable to participate in, litigation that could substantially affect their rights under the patent laws.  *Indep. Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459, 467-68 (1926).

### A. Kadence Does Not Have Standing To Assert The '341 Patent Because It Was Not The Owner Of The '341 Patent At The Time The Suit Was Filed.

As the Federal Circuit has explained, "in a patent infringement action, 'the plaintiff must demonstrate that it held enforceable title to the patent at the inception of the lawsuit' to assert standing."  *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010).  Here, Kadence has no standing to assert the '341 patent because Kadence did not hold enforceable title to the '341 patent at the inception of the lawsuit.

Kadence filed the suit on December 13, 2012, asserting it "own[ed] the rights, title and interest to the . . . '341 patent[]," but that statement was untrue.  Kadence became aware that this statement was untrue by at least early February, when Osram requested a copy of the '341

6

assignment document from Kadence—a document that did not exist.  Kadence then attempted to cure its lack of standing by purporting to execute an assignment of the '341 patent *two months after* the complaint was filed.  But lack of standing cannot be cured in such a manner.  *See Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005) ("[I]f the original plaintiff lacked Article III initial standing, the suit must be dismissed, and the jurisdictional defect cannot be cured . . . by the subsequent purchase of an interest in the patent in suit."); *see also Enzo APA & Son v. Geapag A.G.*, 134 F.3d 1090, 1093-94 (Fed. Cir. 1998) (confirming that a *nunc pro tunc* assignment does not confer standing and reaffirming the policy reasons for prohibiting such a practice); *ID7D Co., Ltd.*, 2012 U.S. Dist. LEXIS 52320 at *14-15 (concluding that a "retroactive or *nunc pro tunc* assignment after the complaint was filed" did not cure lack of standing).  Despite Kadence's realization that it did not own the '341 patent when it filed suit, and thus had no standing to maintain an infringement action on the '341 patent, Kadence has failed to dismiss the '341 claims.[4]

Until February 2013, the only assignment of record for the '341 patent was that from Edward Haase to WVG.  Accordingly, Kadence did not own the patent on December 13, 2012, when the complaint was filed, and thus lacked standing to bring the suit as the owner of the patent.  Because Kadence did not own the '341 patent when the complaint was filed, Kadence's

---

[4]  Aside from the dispositive point that a post-complaint assignment cannot cure lack of standing, the purported February assignment from Edward Haase to Kadence was a "nullity" in any event, because Mr. Haase had already assigned his interest to WVG in 2009.  *See RAD Data Commc'ns, Inc., v. Patton Elecs. Co.*, 882 F. Supp. 351, 353 (S.D.N.Y. 1995) ("Delvelcon had nothing to assign.  Develcon had already assigned its interest in the Develcon patents to Sedco. Since Develcon had nothing to assign, the purported assignment from Develcon to plaintiff of the Develcon patents is a nullity."); *see also Abraxis Bioscience*, 625 F.3d at 1365 (noting that a post-filing attempt to assign the patents to the plaintiff was null because the purported assignor "had no legal title to assign").

claim for infringement of the '341 patent must be dismissed.[5] *See Gaia Techs. v. Reconversion Techs.*, 93 F.3d 774, 778 (Fed. Cir. 1996) (dismissing patent claims due to plaintiff's "inability to prove that it was the owner of the Intellectual Property at the time the suit was filed").

      **B.**      **Kadence Does Not Have Standing To Assert The '903 Patent Because The '903 Patent Is Unenforceable Unless It Was Commonly Owned With The '341 Patent At the Time The Suit Was Filed.**

If the ownership of a disclaimed patent is separated from the prior patent, the disclaimed patent is not enforceable. *Email Link Corp. v. Treasure Island, LLC*, 2012 U.S. Dist. LEXIS 138042 at *11-13 (D. Nev. 2012) (citing *Merck & Co., Inc. v. U.S. Int'l Trade Comm'n*, 774 F.2d 483, 485 (Fed. Cir. 1985)); *see also* 37 C.F.R § 1.321(c)(3) ("A terminal disclaimer, when filed to obviate judicially created double patenting in a patent application . . . must . . . [i]nclude a provision that any patent granted on that application . . . shall be enforceable only for and during such period that said patent is commonly owned with the application or patent which formed the basis for the judicially created double patenting.").

Kadence is bound by this regulation. WVG filed a Terminal Disclaimer that complied with § 1.321(c), acknowledging that any patent that issued from the '064 application—i.e. the '903 patent—would not be enforceable except during the period that any such patent was commonly owned with the '341 patent.  As explained above, Kadence does not now own, and never has owned, the '341 patent.  Therefore, Kadence is barred from attempting to enforce the '903 patent, and the claims concerning the '903 patent must be dismissed. *Voda v. Medtronic, Inc.*, CV9-95, 2011 U.S. Dist. LEXIS 156695 at * (W.D. Ok. Aug. 17, 2011) (dismissing claims because "plaintiff must not only own all [terminally disclaimed] patents for the period he seeks enforcement . . . he must also own all [such] patents during the period he files suit").

---

[5]    Kadence has not pleaded or argued that it is an exclusive licensee and has not attempted to join the patent owner, so the only question is whether Kadence owned the '341 patent when the complaint was filed.

### IV.   CONCLUSION

Kadence did not own the '341 patent at the time it filed its lawsuit, nor did it possess all substantial rights in the patents as an exclusive licensee. In December 2012 and currently, WVG, who is not a party to this suit, is the owner of record of the '341 patent. Therefore, Kadence cannot maintain any claim for infringement of the '341 patent. Moreover, although Kadence is the assignee of record for the '903 patent, Kadence is prohibited as a matter of law from enforcing the '903 patent unless Kadence also owns the '341 patent. Accordingly, the infringement claims for the '903 patent must also be dismissed.

DATED this 12th day of March, 2013.

**KEMP, JONES & COULTHARD, LLP**

By /s/ Jennifer C. Dorsey
    Jennifer C. Dorsey, Esq. (SBN 6456)
    3800 Howard Hughes Parkway 17th Floor
    Las Vegas, Nevada 89169

**McGUIREWOODS LLP**
Brian Riopelle (pro hac vice forthcoming)
briopelle@mcguirewoods.com
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030

Mark Varboncouer (pro hac vice forthcoming)
mvarboncouer@mcguirewoods.com
77 W. Wacker Drive
Chicago, IL  60601-1818

*Attorneys for Defendant Osram Sylvania*

9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 12th day of March, 2013, I served the **MOTION TO DISMISS** through the CM/ECF system of the United States District Court for the District of Nevada to all parties on the service list.

                                              */s/ Angela Embrey*
                                              Angela Embrey, an Employee of Kemp, Jones & Coulthard, LLP